IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02996-PAB

FRANCIS M. HERNANDEZ,

    Applicant,

v.

LOU ARCHULETA, Warden, F.C.F., and
THE ATTORNEY GENERAL STATE OF COLORADO,

    Respondents.

## ORDER TO DISMSIS IN PART AND FOR ANSWER

    Applicant Francis M. Hernandez is in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. On December 7, 2016, Mr. Hernandez filed, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his convictions in the District Court for Arapahoe County, Colorado. Docket No. 1.

    Applicant raised seven claims in the Application. He conceded that the ineffective-assistance-of-counsel (IAC) allegations asserted in claims five, six, and seven have not been exhausted in the state courts. Docket No. 1 at 5-6, 8. To that end, Mr. Hernandez filed a Motion to Stay, Docket No. 2, in which he asked the Court to hold his § 2254 Application in abeyance while he exhausted state remedies for his IAC claims. On March 1, 2017, the motion to stay was denied by Senior District Judge Lewis T. Babcock. Docket No. 15. In the March 1 Order, Judge Babcock directed Applicant to show cause within 30 days why the entire Application should not be dismissed as a mixed

petition, pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982), because it contained both exhausted and unexhausted claims. *Id.* Mr. Hernandez was instructed that, to show cause, he must withdraw the unexhausted IAC claims from the Application. *Id.*

On March 21, 2017, Applicant filed a Motion to Withdraw All Unexhausted Claims. Docket No. 16. In the motion, Mr. Hernandez stated that he "is withdrawing claims five, six and seven from his prior application, in order that this court may address his exhausted claims." *Id.* at 1. Senior Judge Lewis T. Babcock granted the Motion to Withdraw on March 23, 2017. Docket No. 17. The claims remaining for adjudication are claims one, two, three, and four of the § 2254 Application. *Id.*

On January 9, 2017, Respondents filed a Pre-Answer Response to the Application. Docket No. 10. In the March 23, 2017 Order, Judge Babcock instructed Applicant that he could file a Reply within 30 days. Docket No. 17. No reply has been filed to date.

The Court construes Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application in part.

I. **STATE COURT PROCEEDINGS AND FEDERAL APPLICATION**

Mr. Hernandez was convicted by a jury in Arapahoe County Case No. 08CR2105 of three counts of vehicular homicide, one count of child abuse resulting in death, one count of child abuse resulting in serious bodily injury, one count of vehicular assault, one

count of driving under restraint, three counts of third degree assault, and eight counts of leaving the scene of an accident. Docket No. 10-4 at 2. On April 5, 2010, Applicant was sentenced to an aggregate 60-year prison term. Docket No. 10-1 at 3.

On direct appeal, the Colorado Court of Appeals merged the eight convictions for leaving the scene of an accident, but otherwise affirmed Applicant's convictions. *See People v. Francis M. Hernandez*, No. 10CA998 (Colo. App. June 26, 2014) (unpublished). Docket No. 10-4 at 25. On February 9, 2015, the Colorado Supreme Court denied Applicant's petition for certiorari review. Docket No. 10-6.

On June 15, 2015, Mr. Hernandez filed a motion to reconsider his sentence, which was denied by the state trial court on November 30, 2015. Docket No. 10-1 at 4-6. Applicant did not appeal the trial court's order. *Id.* at 4.

Mr. Hernandez filed his § 2254 Application on December 7, 2016. Following Applicant's withdrawal of the unexhausted IAC claims, the Application now presents four claims for relief:

(1) The evidence was insufficient to support his conviction for child abuse. Docket No. 1 at 5.

(2) Applicant was denied his constitutional right to an impartial jury when the trial court denied a challenge for cause to a prospective juror, forcing the defense to exercise a peremptory challenge. *Id.* at 6.

(3) Applicant was denied his due process right to a fair trial when the trial court rejected: (1) his common law wife's invocation of her testimonial marital privilege; and, (2) Applicant's invocation of his testimonial psychologist-patient privilege. *Id.* at 6.

3

(4) Applicant's Fifth Amendment right to remain silent was violated when the trial court admitted into evidence statements Applicant made to the police without a *Miranda*[1] advisement. *Id.* at 7.

In the Pre-Answer Response, Respondents concede that the § 2254 Application is timely under 28 U.S.C. § 2244(d)(1) and that Mr. Hernandez exhausted state court remedies for claims one and four. Docket No. 10 at 4-8, 10-11. Respondents argue, however, that claim two does not present a constitutional claim cognizable on federal habeas review and that Applicant committed an anticipatory procedural default of claim three. *Id.* at 11-13.

## II. EXHAUSTION OF STATE COURT REMEDIES AND PROCEDURAL DEFAULT

### A. Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

"book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Therefore,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the

5

prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A procedural rule is independent if it is based upon state law, rather than federal law. *Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998)). A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'" *Id.* (quoting *Walker v. Att'y Gen.*, 167 F.3d 1339, 1344 (10th Cir.1999)). The applicant bears the burden of specifically alleging the inadequacy of a state procedural law. *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### B. Applicability of Procedural Defenses

#### 1. *Claim Two*

In claim two, Applicant asserts that his constitutional right to an impartial jury was infringed when the trial court denied a challenge for cause to a prospective juror, forcing the defense to exercise a peremptory challenge. *Id.* at 6. Respondents maintain that claim two is not cognizable under 28 U.S.C. § 2254 because it does not present a federal constitutional issue. Docket No. 10 at 11-12.

Respondents concede, and the Court agrees, that Mr. Hernandez presented the substance of claim two to the Colorado Court of Appeals as a question of federal constitutional law. *Id.* at 11; *see also* Docket No. 10-2 at 25. As such, the Court finds

6

that claim two was properly exhausted in the state courts and is entitled to review on the merits under 28 U.S.C. § 2254, after the Court receives the state court record and an Answer from the Respondent. See, e.g., Duran v. Davis, No. 12-cv-00877, 2012 WL 6153063, at *3 (D. Colo. Dec. 11, 2012) (declining, on initial review, to address respondents' argument that Applicant's second claim did not raise a cognizable federal constitutional claim, where the federal claim appeared to be exhausted).

### 2. *Claim Three*

In claim three, Applicant contends that the trial court improperly rejected the invocation of state law privileges with respect to statements he made to his common law wife and to a therapist. Respondents maintain that Mr. Hernandez did not properly exhaust state court remedies for claim three because he presented the claim to the Colorado Court of Appeals solely as a question of state law. Docket No. 10 at 13. Respondents further contend that Applicant has committed an anticipatory procedural default because any attempt to raise the claim anew as a federal constitutional challenge to his conviction would be rejected as successive and an abuse of process. *Id.*

In Applicant's opening brief on direct appeal, he argued that the trial court erred in preventing his common law wife from invoking her testimonial marital privilege concerning their confidential communications in violation of Colo. Rev. Stat. § 13-90-107(1)(a)(II) (2008). Docket No. 10-2 at 28-33. Mr. Hernandez also argued that the trial court erred in preventing him from invoking his testimonial psychologist-patient privilege in violation of Colo. Rev. Stat. § 13-90-107(1)(g) with regard to statements he made to a mental health coordinator. *Id.* at 36-44. He relied solely on Colorado case law to support his contentions. *Id.* at 33-35, 44-46. The Colorado Court of Appeals resolved the claims on

7

state law grounds and did not perceive a federal constitutional issue.  Docket No. 10-4 at 13-18.

The Court finds that Mr. Hernandez failed to exhaust the substance of claim three as a federal constitutional issue in the state courts before seeking federal habeas corpus relief.  Further, the Court agrees with Respondents that, if Applicant attempted to reassert the claim in the state courts as a violation of federal law, the claim would be denied as successive pursuant to Colo. R. Crim. P. 35(c)(3)(VII), which directs the state post-conviction court to deny any claim that could have been presented in a previous appeal (with exceptions not applicable here).  Colo. Crim. P. Rule 35(c)(3)(VII) is independent of federal law and is applied regularly by the Colorado courts.  *See*, *e.g.*, *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007); *People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010).  *See also Burton v. Zavaras*, No. 09-1094, 340 F. App'x 454–55 (10th Cir. Aug. 4, 2009) (unpublished) (finding a procedural default based on Colorado Court of Appeals' application of Colo. Crim. P. Rule 35(c)(3)(VII)); *Williams v. Broaddus*, No. 08-1254, 331 F. App'x 560, 563 (10th Cir. May 20, 2009) (unpublished) (same); *Welch v. Milyard*, No. 11-1214, 436 F. App'x 861, 865 (10th Cir. Aug. 18, 2011) (unpublished) (same).  The new claim would also be subject to dismissal as an abuse of process.  *See People v. Rodriguez*, 914 P.2d 230, 254-55 (Colo.1996) (issues available for review on direct appeal that address the same issue on some recently contrived constitutional theory and are not well-founded constitute an abuse of process).

Because Mr. Hernandez has committed an anticipatory procedural default of claim three, he must satisfy the cause and prejudice standard or the fundamental miscarriage of justice exception to pursue the federal claim in this action.  Mr. Hernandez does not

articulate any basis in the § 2254 Application to excuse his procedural default of claim three, nor does he present a colorable claim of actual innocence. Therefore, claim three of the Application will be dismissed as procedurally barred.

## III. ORDERS

For the reasons discussed above, it is

**ORDERED** that claim three of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] is dismissed with prejudice as procedurally barred. It is further

**ORDERED** that, within thirty days of this order, Respondents shall file an Answer that fully addresses the merits of Applicant's properly exhausted claims one, two, and four. It is further

**ORDERED** that Applicant may file a Reply within thirty days after Respondents file an Answer.

DATED May 25, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge